[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
PROCEDURAL HISTORY
This matter first came to the court by writ, summons and complaint dated February 2, 1996, filed February 15, 1996 and CT Page 245 returnable February 20, 1996 in which complaint the Plaintiff claimed sole custody of the minor child, support, medical insurance, life insurance, attorneys' fees and other relief all as of record appears.
The Plaintiff is represented by counsel. The Defendant appeared by counsel on February 21, 1996.
On March 6, 1996 the Defendant filed an Answer and Cross Complaint and sought custody of the minor child and reasonable rights of visitation.
On April 8, 1996 the paternal grandparents of the minor child moved to intervene in the proceedings through their counsel, which motion was granted by the Court, Teller J. on April 22, 1996.
On April 9, 1996 Plaintiff's counsel moved to intervene on behalf of the maternal grandfather and the maternal stepgrandmother, which motion was granted by the Court, Teller J., on April 22, 1996.
On July 29, 1996 the Court, Teller J., entered the following pendente lite order.
 "There shall be joint legal custody with primary physical residence with the mother. The father and paternal grandparents shall have concurrent visitation with the minor child every Sunday between 12 p.m. — 5 p.m.
 The father and paternal grandparents shall also have visitation with the minor child tomorrow, Tuesday, July 30, 1996 between 12 p.m. and 5 p.m.
 Attorney Robert Young is appointed for the minor child."
On January 2, 1997 the matter was heard by the court.
The Plaintiff, the Defendant, their respective counsel, the paternal and maternal grandparents and their counsel and the attorney for the minor child were all present. CT Page 246
FINDINGS OF FACT
The Court makes the following findings of fact.
Katherine M. Dunn is the mother of the minor child Annie Veronica Dunn, which child was born on November 14, 1995.
Katherine M. Dunn was adopted by Joseph L. Dunn and Jacqueline M. Dunn. See Plaintiff's exhibit no. 1.
The father of the minor child, Annie Veronica Dunn, is Michael Thompson.
The Plaintiff, Katherine M. Dunn, is now age 19 and was age 18 when the child was born.
The Plaintiff mother graduated from high school in June 1995 and now attends Three Rivers College majoring in criminal justice. She attends five classes a week. Her academic grades are B.
In addition, Plaintiff mother works 25 hours a week at Video World.
Plaintiff mother resides with Joseph and Jacqueline Dunn in their home.
The cost of Plaintiff mother's schooling is approximately $1,000.00 per semester.
Jacqueline Dunn gave up her career to assist Plaintiff mother in caring for the minor child, to allow for the mother's further education and some vestige of normal teen-age activities.
The child's father, Michael Thompson, was present at the child's birth and Plaintiff and Defendant continued to "date" until April 29, 1996 when that stopped.
The relationship between Joseph and Jacqueline Dunn, maternal grandparents, and Margaret and Dennis Thompson, paternal grandparents, are strained.
The minor child now age 13-1/2 months has certain allergies, but the allergies have not necessitated medical treatment. CT Page 247
The minor child's pediatrician is Doctor Santoro.
In the latter part of 1996 the minor child required a special formula which came from Wisconsin.
The child now weighs 24 pounds is 30 inches tall and apparently enjoys good health.
The Defendant father has not as of the date of this hearing provided any monetary support for the child.
Although not initially provided, the Defendant father now has in place medical coverage for the minor child.
There have been disputes between the Plaintiff and Defendant and the intervening grandparents over the visitation put in place by Teller J., recognition of the child's emotional needs, "security blanket, clothing, naps," and like matters.
The Court notes that members of the Dunn household smoke.
The minor child has been to the doctor twice since December 1996.
On one occasion the child's arm came out of its socket, but popped right back in.
Plaintiff mother is financially dependent on Joseph and Jacqueline Dunn.
The Defendant father, age 18 at the time of the child's birth, acknowledges that initially he was not a responsible father, but believes he has become a good parent now.
Defendant sees the child every Sunday.
Defendant father graduated from high school and attends Three Rivers College as a full-time student seeking a degree in Computer Science.
Defendant father smokes, but his parents do not.
Defendant father learned of Plaintiff's condition when CT Page 248 Plaintiff was five months into her pregnancy.
Defendant father has suitable quarters, crib, toys, stuffed animals, etc., at his parent's home when the minor child visits there. Defendant father has purchased clothes for the minor child.
The maternal grandparent, Joseph L. Dunn, is employed in law enforcement. He is age 43, works with young people, has done counseling, is involved in the DARE program and like programs.
Joseph Dunn has two other children in his home.
Joseph Dunn gets on well with the Defendant father and the father is welcome in his home.
Prior to the minor child's birth, the Defendant father was a frequent visitor in the Dunn home and stayed there on many occasions.
The relationship between Joseph Dunn and Margaret and Dennis Thompson borders on the non-existent. Joseph Dunn provides Blue Cross and Blue Shield medical coverage for his daughter, the Plaintiff mother.
The distance between the Dunn home and the Thompson home is about 10 miles.
Margaret Thompson, paternal grandmother, can only communicate with the Dunn household through her son, the Defendant.
The attorney for the minor child visited each home and found both the Dunn and the Thompson homes good, safe and adequate residences neat and clean.
ISSUES
The issues before the court are as follows:
1. a determination of custody of the minor child, Annie Veronica Dunn.
2. Visitation concerning said minor child. CT Page 249
3. Support for said minor child including medical coverage and provision for any uncovered medical expenses.
4. Tax exemption concerning the minor child subject to I.R.S. rules and regulations.
THE LAW
The Court has considered the provisions as set forth in Connecticut General Statute §§ 46b-56, 46b-56b, 46b-57,46b-59, 46b-61 and 46b-62 in arriving at its decision.
DISCUSSION
There are before the court two very young adults who were perhaps not fully prepared for the emotional and financial responsibilities of parenthood.
Both the Plaintiff and Defendant have of necessity very quickly matured, recognizing the responsibilities brought about by the birth of Annie Veronica Dunn.
The Plaintiff and the Defendant are still very dependent upon their respective parents.
The Dunn family and the Thompson family have each to a great degree introduced a stability, financial and emotional, which has helped the Plaintiff and Defendant immeasurably.
The financial circumstances of the Plaintiff and the Defendant according to their respective financial affidavits are extremely modest.
Plaintiff's income from her part-time job is $170.00 gross, $139.85 net weekly.
Defendant's income from his part-time job is $144.60 gross, $80.94 net weekly.
It is important for the Plaintiff and the Defendant each to continue in their schooling and successfully complete the same because the long term benefits from the education will be of great value not only to each, but to the minor child.
The minor child in the Court's opinion may properly be CT Page 250 considered an infant.
Considerable patience by all the parties especially the child's grandparents, must be provided in large measure as concerns visitation.
Understandably, all the parties involved are anxious and desirous of showing and affirming their love and affection for the child.
The ongoing support and understanding as to the Plaintiff and Defendant by the grandparents are vitally necessary to bridge the gap until the Plaintiff and Defendant can better fend for themselves and the child.
Mindful of the statutory presumption, the Court grants joint legal custody of the minor child, Annie Veronica Dunn, to the parents, Michael Thompson and Katherine Dunn, with the Plaintiff mother being the primary custodial parent.
Defendant to continue to provide medical coverage for the benefit of the minor child.
Any unreimbursed medical or dental expenses to be shared equally between the Plaintiff and Defendant.
The Defendant and his parents, Margaret and Dennis Thompson, shall have the following visitation.
Every Sunday 10 a.m. to 5 p.m.
Alternate Saturdays 2 p.m. to 5 p.m.
One continuous week during the summer; the dates to be agreed upon by the parties.
Commencing with the Easter holiday, alternating holidays, Easter being with the Defendant father during the hours of 10 a.m. to 5 p.m.
Alternate visitation as to the child's birthday with November 14, 1997 being with the Defendant.
Such other dates as the parties may voluntarily agree upon. CT Page 251
The Plaintiff, based on her slightly greater income, may have the minor child as a tax exemption for 1996.
No order is entered at this time as to future years.
No order of support is entered at this time without prejudice due to the financial circumstances of the Defendant.
Plaintiff and Defendant shall each keep the other fully apprised of all major events in their lives as it may effect the minor child.
Although it would be beneficial, the Court enters no order as to life insurance with the child being the beneficiary as there are no funds to pay for any such policy.
Attorney fees to counsel for the minor child in the amount of $1,600.00 are allowed and by agreement shall be paid as follows:
1/4 by Plaintiff
1/4 by Defendant
1/4 by maternal grandparents
1/4 by paternal grandparents.
The Court earlier in the memorandum has found the Defendant to be the parent father of the minor child, Annie Veronica Dunn.
With the increased visitation granted by the Court, the issue of overnight visitation may be readdressed in four months.
Due to the financial circumstances of the Defendant, the Court makes no award at this time for counsel fees for the Plaintiff.
Austin, J. CT Page 252